LAURA E. DUFFY
United States Attorney
LARA A. STINGLEY
Assistant U.S. Attorney
California State Bar No. 275534
Federal Office Building
880 Front Street, Room 6293
San Diego, California  92101-8893
Telephone: (619) 546-8403
Lara.Stingley@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>        v.<br><br>SERVANDO ORTUNO-GARCIA,<br><br>        Defendant. | CASE NO.  11CR5772-AJB<br><br>Date:     November 30, 2012<br>Time:     10:30 a.m. |

UNITED STATES' MOTIONS *IN LIMINE* TO:
(1) EXCLUDE ALL WITNESSES EXCEPT CASE AGENT;
(2) ADMIT A-FILE DOCUMENTS AND TESTIMONY;
(3) ADMIT EXPERT TESTIMONY;
(4) PROHIBIT REFERENCE TO PUNISHMENT, ETC.;
(5) PRECLUDE ARGUMENT REGARDING DURESS AND NECESSITY;
(6) PROHIBIT REFERENCE TO DOCUMENT DESTRUCTION;
(7) PROHIBIT COLLATERAL ATTACK OF THE DEPORTATION;
(8) PRECLUDE EXPERT TESTIMONY BY DEFENSE;
(9) PRECLUDE SELF-SERVING HEARSAY;
(10) ALLOW EVIDENCE OF DEFENDANT'S PREVIOUS REMOVALS;
(11) ALLOW ATTORNEY-CONDUCTED VOIR DIRE;
(12) ADMIT RULE 609 EVIDENCE;
(13) MOTION FOR FINGERPRINT EXEMPLAR; AND
(14) COMPEL RECIPROCAL DISCOVERY.

TOGETHER WITH STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES

COMES NOW, the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Laura E. Duffy, United States Attorney, and Lara A. Stingley, Assistant United States Attorney, and hereby files its Motions *In Limine*. These Motions are based upon the files and records of this case.

## I

## STATEMENT OF THE CASE

On December 21, 2011, a federal grand jury in the Southern District of California returned an Indictment charging Servando Ortuno-Garcia ("Defendant") with being a Deported Alien Found in the United States, in violation of Title 8, United States Code, Sections 1326 (a) and (b). The Indictment alleged that Defendant had been removed from the United States subsequent to October 26, 2010. Defendant was arraigned on the Indictment on December 21, 2011 and entered a plea of not guilty.

## II

## STATEMENT OF FACTS

### A.    THE INSTANT OFFENSE

On November 28, 2011, at approximately 5:00 p.m., while working in the El Centro Area of Responsibility, U.S. Border Patrol Agent O'Keefe observed footprints heading north in the agricultural fields just north of the United States-Mexico border. This area consists of agricultural fields, canals and laterals of water. Agent O'Keefe called dispatch to confirm that the footprints originated at the United States-Mexico border. Upon confirmation, Agent O'Keefe then followed the footprints north to a lateral full of water, where Agent O'Keefe observed the footprints continue west along the bank. Agent O'Keefe followed the footprints west to a group of three individuals

who were attempting to conceal themselves in the reeds on the edge of the water, approximately 300 yards north of the United States-Mexico border.

Agent O'Keefe approached the three individuals and identified himself as a U.S. Border Patrol agent. Agent O'Keefe then questioned each individual as to their citizenship and each individual, including one later identified as Servando Ortuno-Garcia, stated that they were citizens of Mexico and did not possess documents to lawfully enter or remain in the United States.

Defendant and the two other individuals were placed under arrest for illegally entering in the United States.

A records check determined that Defendant had previously been removed from the United States to Mexico on June 5, 2009 and again on November 3, 2011. A records check further found that Defendant had suffered multiple convictions for being a Felon in Possession of a Firearm in 2008; a Willful Discharge of a Firearm in a Negligent Manner in 2005; and Carrying a Concealed Weapon on his Person in 1995.

On November 29, 2011, at approximately 12:48 a.m., U.S. Border Patrol Agent Linscott advised Defendant that his administrative rights no longer applied and advised Defendant of his <u>Miranda</u> rights. Defendant indicated he understood his rights and declined to speak with agents without the presence of counsel.

**B.    DEFENDANT'S IMMIGRATION AND CRIMINAL HISTORY**

Defendant is a citizen and national of Mexico without legal permission to enter or remain in the United States. On June 5, 2009, Defendant was removed from the United States to Mexico pursuant to a April 22, 2009 Final Administrative Removal Order. This Order was reinstated on October 19, 2011 and Defendant was again physically removed from the United States to Mexico on November 3, 2011.

Defendant suffered three convictions: (1) a 2008 conviction for being a Felon in Possession of a Firearm, in violation of Title 18 U.S.C. Section 922(g)(1); a 2005 conviction for Willful Discharge of a Firearm in a Negligent Manner, in violation of California Penal Code Section 246.3(a); and a 1995 conviction for Carrying a Concealed Weapon on his Person (a misdemeanor), in violation of California Penal Code Section 12025(a)(2).

### III

### MOTIONS *IN LIMINE*

**A.   THE COURT SHOULD EXCLUDE WITNESSES DURING TRIAL WITH THE EXCEPTION OF THE GOVERNMENT'S CASE AGENT**

Under Federal Rule of Evidence 615(3), "a person whose presence is shown by a party to be essential to the presentation of the party's cause" should not be ordered excluded from the court during trial. The case agent in the present matter has been critical in moving the investigation forward to this point and is considered by the United States to be an integral part of the trial team.  The United States requests that Defendant's testifying witnesses be excluded during trial pursuant to Rule 615.

**B.   THE COURT SHOULD ADMIT A-FILE DOCUMENTS AND TESTIMONY**

The United States intends to offer documents from the Alien Registration File, or "A-File," that correspond to Defendant's name and A-number in order to establish Defendant's alienage and prior deportation.  Additionally, the United States intends to offer documents from the A-File to establish that Defendant was removed from the United States to Mexico pursuant to a Final Administrative Removal Order on April 22, 2009 and was subsequently physically removed from

4

the United States on June 5, 2009.  The Final Administrative Removal Order was reinstated on October 19, 2011 and Defendant was again physically removed from the United States to Mexico on November 3, 2011.  Each time Defendant entered the United States, he did so without having sought or obtained authorization from the Attorney General.

At trial, a United States Border Patrol agent will be called to testify about the immigration documents contained in Defendant's A-File, recording-keeping procedures, and the significance of certain documents in the A-File.  This testimony will be based on the Enforcement Officer's personal on-the-job experience.  See Fed. R. Evid. 701 (such testimony is "helpful to a clear understanding of the determination of a fact in issue"); United States v. Loyola Dominguez, 125 F.3d 1315, 1317 (9th Cir. 1997) (agent "served as the conduit through which the government introduced documents" from the A-File).

The Ninth Circuit Court of Appeals has addressed the admissibility of A-File documents in United States v. Loyola-Dominguez, 125 F.3d 1315 (9th Cir. 1997).  There, Loyola-Dominguez appealed his Title 8 U.S.C. § 1326 conviction, arguing, among other issues, that the district court erred in admitting at trial certain records from his "A-File."  Id. at 1317.  The district court had admitted: (1) a warrant of deportation; (2) a prior warrant for the Defendant's arrest; (3) a prior deportation order; and (4) a prior warrant of deportation.  The defendant in Loyola-Dominguez argued that admission of the documents violated the rule against hearsay, and denied him his Sixth Amendment right to confront witnesses.  The Ninth Circuit rejected his arguments, holding that the documents were properly admitted as public records.  Id. at 1318.  The Court first noted that documents from a Defendant's immigration file, although

"made by law enforcement agents, . . . reflect only 'ministerial, objective observation[s]' and do not implicate the concerns animating the law enforcement exception to the public records exception." Id. (quoting United States v. Hernandez-Rojas, 617 F.2d 533, 534-35 (9th Cir. 1980)).  The Court also held that such documents are self-authenticating and, therefore, do not require an independent foundation.  Id.

The Ninth Circuit has consistently held that documents from a defendant's immigration file are relevant in a Title 8 U.S.C. § 1326 prosecution to establish the defendant's alienage and prior deportation and are admissible under the public records exception to the hearsay rule.  See United States v. Mateo-Mendez, 215 F.3d 1039, 1042-45 (9th Cir. 2000) (district court properly admitted certificate of nonexistence); United States v. Contreras, 63 F.3d 852, 857-58 (9th Cir. 1995) (district court properly admitted warrant of deportation, deportation order and deportation hearing transcript); United States v. Hernandez-Rojas, 617 F.2d at 535 (district court properly admitted warrant of deportation as public record); United States v. Hernandez-Herrera, 273 F.3d 1213, 1217-18 (9th Cir. 2001) ("deportation documents are admissible to prove alienage under the public records exception to the hearsay rule"); United States v. Dekermenjian, 508 F.2d 812, 814 n.1 (9th Cir. 1974) (district court properly admitted "certain records and memoranda of the Immigration and Naturalization Service" as business records, noting that records would also be admissible as public records).

Moreover, the public records exception is "a firmly rooted exception to the hearsay rule" and the admission of these records into evidence would not violate the Confrontation Clause.  United States v. Hernandez-Herrera, 273 F.3d at 1217-18 (citing United States v.

_Contreras_, 63 F.3d at 857 (9th Cir. 1995)); _See also_ _Crawford v._
_Washington_, 124 S. Ct. 1354, 1367 (2004) (admission of business
records would not violate the Confrontation Clause because business
records are not "testimonial" in nature).   Furthermore, the public
records exception is one of the few hearsay exceptions that does not
require a foundation.  _Id._   Documents that fall under the public
records exception "are presumed trustworthy, placing 'the burden of
establishing untrustworthiness on the opponent of the evidence.'"
_Montiel v. City of Los Angeles_, 2 F.3d 335, 341 (9th Cir. 1993)
(_quoting_ _Keith v. Volpe_, 858 F.2d 467, 481 (9th Cir. 1988)).   These
documents will be certified and self-authenticating under Fed. R.
Evid. 902(4).

**1.   Deportation Documents May Be Used As Evidence of Alienage**

The Notice to Appear, Warnings to Alien, Order of Removal,
Warrant of Removal, and Notice of Intent to Reinstate Prior Order from
Defendant's A-File are relevant to prove Defendant's deportation as
well as alienage.   _See_ _United States v. Hernandez-Herrera_, 273 F.3d
at 1217-18 ("deportation documents are admissible to prove alienage");
_United States v. Contreras_, 63 F.3d 852, 857 (9th Cir. 1995) ("We have
held that deportation documents are admissible to prove alienage under
the public records exception to the hearsay rule.").   Although these
documents, standing alone, do not conclusively establish a defendant's
alien status, _United States v. Sotelo_, 109 F.3d 1446, 1449 (9th Cir.
1997), deportation documents are admissible to prove Defendant's
alienage.   _United States v. Loyola-Dominquez_, 125 F.3d at 1317.
Consequently, this Court should deny a defense request for a jury
instruction limiting the deportation documents to solely prove the
fact of deportation and not alienage.

Additionally, all the A-File documents, including the deportation documents, should be admitted into evidence without redacting references to alienage. First, the word alien in and of itself is not so prejudicial as to unduly influence the jury in its decision making. Indeed, one of the elements the United States has to prove at trial is that Defendant is an alien. Therefore, a Section 1326 prosecution cannot go forward without references being made to Defendant's alienage. Removal of references to alienage on A-File documents would prevent the United States from presenting a complete picture of immigration proceedings, including the deportation proceeding.

**C.**          **THE COURT SHOULD ADMIT EXPERT TESTIMONY BY UNITED STATES**

At trial, the United States intends to offer testimony of its fingerprint analyst, David Beers, to identify the Defendant as the person who was previously deported. If specialized knowledge will assist the trier-of-fact in understanding the evidence or determining a fact in issue, a qualified expert witness may provide opinion testimony on the issue in question. Fed. R. Evid. 702. Determining whether expert testimony would assist the trier-of-fact in understanding the facts at issue is within the sound discretion of the trial judge. United States v. Alonso, 48 F.3d 1536, 1539 (9th Cir. 1995); United States v. Lennick, 18 F.3d 814, 821 (9th Cir. 1994). An expert's opinion may be based on hearsay or facts not in evidence where the facts or data relied upon are of the type reasonably relied upon by experts in the field. Fed. R. Evid. 703. In addition, an expert may provide opinion testimony even if the testimony embraces an ultimate issue to be decided by the trier-of-fact. Fed. R. Evid. 704.

The United States' fingerprint expert will testify that based upon fingerprint comparisons, Defendant was the same person deported on June 5, 2009 and again on November 3, 2011.  In addition, the United States' fingerprint expert may testify to establish the foundation for any prior acts or convictions the United States seeks to use at trial.  This testimony should be admitted under Rules 702 and 703.

**D.   THE COURT SHOULD PROHIBIT REFERENCE TO DEFENDANT'S HEALTH, AGE, FINANCES, EDUCATION AND POTENTIAL PUNISHMENT**

Evidence of, and arguments referring to, Defendant's health, age, finances, education and potential punishment are inadmissible and improper.

Rule of Evidence 402 provides that "[e]vidence which is not relevant is not admissible."  Rule 403 provides further that even relevant evidence may be inadmissible "if its probative value is substantially outweighed by the danger of unfair prejudice."  The Ninth Circuit Model Jury Instructions explicitly instruct jurors to "not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy." § 3.1 (2000 Edition).[1]

Reference to Defendant's health, age, finances, education and potential punishment may be relevant at sentencing.  However, in a case involving charges of being a deported alien found in the United States, such a reference is not only irrelevant and unfairly

---

[1]  ADDITIONALLY, IT IS INAPPROPRIATE FOR A JURY TO BE INFORMED OF THE CONSEQUENCES OF THEIR VERDICT. UNITED STATES V. FRANK, 956 F.2D 872, 879 (9TH CIR. 1991), CERT. DENIED, 506 U.S. 932 (1992).

prejudicial, but a blatant play for sympathy and jury nullification as well.

**E. THE COURT SHOULD PRECLUDE ARGUMENT CONCERNING DURESS AND NECESSITY**

Courts have specifically approved the pretrial exclusion of evidence relating to a legally insufficient duress defense on numerous occasions. See United States v. Bailey, 444 U.S. 394 (1980) (addressing duress); United States v. Moreno, 102 F.3d 994, 997 (9th Cir. 1996), cert. denied, 522 U.S. 826 (1997) (addressing duress). Similarly, a district court may preclude a necessity defense where "the evidence, as described in the Defendant's offer of proof, is insufficient as a matter of law to support the proffered defense." United States v. Schoon, 971 F.2d 193, 195 (9th Cir. 1992).

In order to rely on a defense of duress, Defendant must establish a prima facie case that:

(1) Defendant committed the crime charged because of an immediate threat of death or serious bodily harm;

(2) Defendant had a well-grounded fear that the threat would be carried out; and

(3) There was no reasonable opportunity to escape the threatened harm.

United States v. Bailey, 444 U.S. 394, 410-11 (1980); Moreno, 102 F.3d at 997. If Defendant fails to make a threshold showing as to each and every element of the defense, defense counsel should not burden the jury with comments relating to such a defense. See, e.g., Bailey, 444 U.S. at 416.

A Defendant must establish the existence of four elements to be entitled to a necessity defense:

(1)   Defendant was faced with a choice of evils and chose the lesser evil;

(2)   Defendant acted to prevent imminent harm;

(3)   Defendant reasonably anticipated a causal relationship between his conduct and the harm to be avoided; and

(4)   There was no other legal alternative to violating the law. See Schoon, 971 F.2d at 195; United States v. Dorrell, 758 F.2d 427, 430-31 (9th Cir. 1985).   A court may preclude invocation of the defense if "proof is deficient with regard to any of the four elements."   See Schoon, 971 F.2d at 195.

The United States hereby moves for an evidentiary ruling precluding defense counsel from making any comments during the opening statement, the case-in-chief, or closing arguments that relate to any purported defense of "duress" or "coercion" or "necessity" unless Defendant makes a prima facie showing satisfying each and every element of the defense.   The United States respectfully requests that the Court rule on this issue prior to opening statements to avoid the prejudice, confusion, and invitation for jury nullification that would result from such comments.

**F.   THE COURT SHOULD PROHIBIT EXAMINATION OR REFERENCE TO ALLEGED DOCUMENT DESTRUCTION AND POOR RECORD KEEPING**

The United States seeks to exclude Defendant from making reference or eliciting testimony regarding (former) Immigration and Naturalization Services' ("INS"), now Department of Homeland Security's ("DHS"), record keeping or access to information and records.   Specifically, the United States seeks to preclude reference to arguments that (1) INS computers are not fully interactive with other federal agencies' computers, (2) over 2 million documents filed

11

by immigrants have been lost or forgotten, (3) other federal agencies have the ability and authority to apply for an immigrant to come into the United States, (4) the custodian of the A-File never checked with other federal agencies to inquire about documents relating to Defendant.  Such arguments are irrelevant based upon the facts of this case as there has been no proffer or mention by Defendant that he ever made application to seek reentry after deportation.  See United States v. Rodriguez-Rodriguez, 364 F.3d 1142 (9th Cir. 2004) (affirming District Court Judge Lorenz's rulings to deny such testimony in a Section 1326 "found in" case with similar facts).

The Ninth Circuit held in Rodriguez-Rodriguez that any such testimony or cross examination seeking to elicit such testimony is properly barred as irrelevant.  Id. at 1146.  The Ninth Circuit explicitly rejected Defense counsel's claim that the district court's exclusion of the anticipated testimony violates the Confrontation Clause.  Instead, it declared that "none of that information is relevant on the facts of this case, because it is uncontested that Rodriguez never made any application to the INS or any other federal agency."  Thus, absent, at a minimum, a proffer that Defendant had in fact applied for or obtained permission to enter or remain in the United States in this instant case, any such line of inquiry on cross examination or on direct testimony is irrelevant and properly excludable.

Additionally, the United States seeks to preclude reference to shredding of immigration documents by a (former) INS contractor as set forth in United States v. Randall, et al., Criminal Case No. SA CR 03-26-AHS, (C.D. Cal. 2003) unless the Defendant testifies or offers evidence that (1) he did in fact apply for permission to reenter the United States from the Attorney General, or his designated successor,

the Secretary of the Department of Homeland Security; <u>and</u> (2) that such a document would have been stored at that particular facility where the shredding occurred in the <u>Randall</u> case.  Any reference of document destruction is irrelevant and unfairly prejudicial unless there is some evidence offered by Defendant at trial that he did in fact seek permission to reenter the United States.  <u>See</u> Fed. R. Evid. 401-403.

Moreover, even if Defendant offers evidence that he did apply, there must be some showing that his application would have been stored at the facility which is the subject of the <u>Randall</u> case during the time of the alleged shredding of the documents.  Otherwise, it is immaterial  and irrelevant whether a contractor of (former) INS destroyed documents at the INS California Service Center in Laguna Niguel, California because Defendant did not apply or, if he did apply, his application was not stored there and, therefore, could not have been effected.  Such testimony as well as any such statements asserted in Defendant's opening or closing arguments would be unfairly prejudicial to the United States and likely to cause confusion to the jury because such unsupported blanket allegations or references of document destruction or poor record keeping without any showing by Defendant that he applied for permission to reenter would be misleading.  Accordingly, the United States seeks an order precluding such argument.

**G.    THE COURT SHOULD PROHIBIT COLLATERAL ATTACK OF DEFENDANT'S PRIOR DEPORTATIONS**

Defendant should not be permitted to argue the lawfulness of his deportations to the jury at trial. <u>See</u> <u>United States v. Alvarado-Delgado</u>, 98 F.3d 492 (9th Cir. 1996) (en banc).  The lawfulness of the

13

deportation is not an element of the offense under Title 8 U.S.C. § 1326, so this issue should not be presented to or determined by a jury. Id. at 493.

Moreover, in United States v. Garza-Sanchez, 217 F.3d 806, 808 (9th Cir. 2000), the Ninth Circuit held that a Defendant who previously waived his right to appeal cannot collaterally attack his deportation:

> A Defendant charged under 8 U.S.C. § 1326 may not collaterally attack the underlying deportation order if he or she did not exhaust administrative remedies in the deportation proceedings, including direct appeal of the deportation order. Accordingly, a valid waiver of the right to appeal a deportation order precludes a later collateral attack. (citations omitted).

In this case, Defendant reserved his right to appeal his April 22, 2009 Final Administrative Removal Order, however Defendant failed to file an appeal within 30 days of the Order. In fact, Defendant was advised in the Final Administrative Removal Order that he could be removed from the United States 14 days after the Order if Defendant did not file an appeal within the initial 14-day period. Therefore, Defendant should be precluded from collaterally attacking his deportation. Further, this defendant failed to file a motion to dismiss the Indictment based on an allegedly invalid deportation under 8 U.S.C. § 1326(d). It would be inappropriate to raise this issue before a jury, which is not tasked with determining the validity of the deportation.

**H.   THE COURT SHOULD PRECLUDE EXPERT TESTIMONY BY DEFENSE WITNESSES**

Defendant has not provided notice to the United States of any expert witnesses and has not afforded the Government an opportunity to inspect and copy or photograph any results or reports of physical

14

or mental examinations and of scientific tests or experiments made in connection with the particular case, or copies thereof, within the possession or control of Defendant, which Defendant intends to introduce as evidence in his case-in-chief at trial or which were prepared by a witness whom defendant intends to call at trial.  While defense counsel may wish to call an expert to testify.  Accordingly, Defendant should not be permitted to introduce any expert testimony.

If the Court determines that Defendant may introduce expert testimony, the United States requests a hearing to determine this expert's qualification and relevant of the expert's testimony pursuant to Federal Rule of Evidence 702 and <u>Kumho Tire Co. v. Carmichael</u>, 526 U.S. 137, 150 (1999).  <u>See</u> <u>United States v. Rincon</u>, 11 F.3d 922 (9th Cir. 1993) (affirming the district court's decision to not admit the Defendant's proffered expert testimony because there had been no showing that the proposed testimony related to an area that was recognized as a science or that the proposed testimony would assist the jury in understanding the case); <u>See also</u> <u>United States v. Hankey</u>, 203 F.3d 1160, 1167 (9th Cir.), <u>cert.</u> <u>denied</u>, 530 U.S. 1268 (2000).

## I.   SELF-SERVING HEARSAY IS INADMISSIBLE

Defendant may attempt to prove his own statements through the testimony of another witness.  Such efforts would be impermissible because those statements are hearsay.  Defendant cannot rely on Federal Rule of Evidence 801(d)(2) because he is the proponent of the evidence and because the evidence is not being offered against him. Rather, he is seeking to have his own self-serving hearsay statements brought before the jury without the benefit of cross examination of himself by the Government.  <u>See</u> <u>United States v. Fernandez</u>, 839 F.2d

639, 640 (9th Cir. 1988). Under Rule 801(d)(2), a statement of a party is not hearsay <u>only</u> when it is being offered <u>against</u> the party, and not when it is being offered on a declarant's behalf.

Nor can Defendant rely on Rule 801(d)(1)(B), which provides for an exception to the hearsay rule for a statement offered to rebut a charge of recent fabrication, since such a statement is not admissible unless the defendant has already testified and has been impeached. <u>United States v. Navarro-Vareles</u>, 551 F.2d 1331, 1334 (9th Cir. 1976). The only exception to the hearsay rule that could possibly permit a Defendant to offer his own out-of-court statements at trial would be Rule 803(3), which excludes from the definition of hearsay a statement of the declarant's "then existing state of mind, emotion, sensation, or physical condition (such as intent, plan, motive, design, mental feeling, pain and bodily health) but not including a statement of memory or belief to prove the fact remembered or believed.

The inadmissibility of Defendant's beliefs sought to be introduced on his behalf through other witnesses under Rule 803(3) is clearly prohibited by <u>United States v. Sayakhom</u>, 186 F.3d 928 (9th Cir. 1999). In <u>Sayakhom</u>, a mail fraud case, the defendant attempted to introduce a recording of her statements to investigators to show her then-existing state of mind and refute the intent requirement of the crimes charged. The Ninth Circuit held that the defendant's "attempt to introduce statements of her belief (that she was not violating the law) to prove the fact believed (that she was acting in good-faith) is improper." <u>Id.</u> at 937.

In the instant case, Defendant may seek to introduce, through a third person, that Defendant believed he was not violating the law, namely that he believed that he was permitted to return to the United

States without submitting an I-212, an application seeking permission to apply for permission to reapply, or a subsequent application seeking permission to apply for permission to reenter the United States.  Defendant's statements of his beliefs would be offered to prove the fact that he believed he was permitted to reenter the United States without seeking permission.  Consequently, Defendant's statements do not fall into the 803(3) hearsay exception and thus, are inadmissible.

**J.   THE COURT SHOULD ALLOW EVIDENCE OF DEFENDANT'S PREVIOUS REMOVALS**

At trial, the United States intends to rely on Defendant's removals on June 5, 2009 and on November 3, 2011 to prove that Defendant has previously been removed from the United States. Defendant has not moved to invalidate these removals under 8 U.S.C. § 1326(d).  Accordingly,  the Court should allow the United States to introduce evidence regarding these removals to prove the removal element of the charged offense.

**K.   THE COURT SHOULD ADMIT RULE 609 EVIDENCE**

The United States moves this Court to offer evidence under FRE 609 pertaining to Defendant's prior felony convictions. Specifically, should Defendant testify, the United States intends to inquire about Defendant's 2005 conviction for Willful Discharge of a Firearm in a Negligent Manner, in violation of California Penal Code Section 246.3, for which defendant was sentenced to 69 days jail followed by three years of probation.  The United States also intends to inquire of Defendant's 2008 conviction for being a Felon in Possession of a Firearm, in violation of 18 U.S.C. Section 922(g)(1), for which

17

Defendant was sentenced to 24 months custody followed by three years of supervised release.  Supervised release was revoked on January 14, 2011 and Defendant was sentenced to 13 months custody followed by 24 months of supervised release.

The United States will also use Defendant's convictions should Defendant contend that he had permission to enter the United States or that he did not need permission to enter.  If Defendant testifies at trial, he will place his credibility squarely at issue, and the United States should be able to inquire in particular about these convictions.

Federal Rule of Evidence 609(a) provides in pertinent part

> For purposes of attacking the credibility of a witness, (1) evidence that a witness other than an accused has been convicted of a crime shall be admitted, subject to Rule 403, if the crime was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted, and evidence that an accused has been convicted of such a crime shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused; and (2) evidence that any witness has been convicted of a crime shall be admitted if it involved dishonesty or false statement, regardless of punishment.

Fed. R. Evid. 609(a).  The Ninth Circuit has listed five factors that the district court should balance in making the determination required by Rule 609.  United States v. Browne, 829 F.2d 760, 762-63 (9th Cir. 1987).  Specifically, the court should consider: (1) the impeachment value of the prior crime; (2) the point in time of the conviction and the witness's subsequent history; (3) the similarity between the past crime and the charged crime; (4) the importance of the Defendant's testimony; and (5) the centrality of the Defendant's credibility.  Id. at 762-63.  See also United States v. Hursh, 217 F.3d 761 (9th Cir. 2000).

18

Here, the five <u>Browne</u> factors weigh heavily in favor of admissibility with regard to his three felony convictions. First, the impeachment value of Defendant's felony convictions are high, as they involve serious crimes. Defendant received significant sentences and his disregard for the law casts serious doubt upon his honesty. Defendant's convictions in 2005 and 2008 fall squarely within the ten-year provision under Federal Rule of Evidence 609(b). Second, Defendant's 2005 and 2008 convictions are not similar to the crime charged. Therefore, there is no risk that the jury would draw the impermissible conclusion that Defendant committed the charged crime because he previously committed the same crime. Third, if Defendant testifies at trial, Defendant will presumably offer testimony to directly or indirectly rebut evidence of essential elements of the crime charged. Defendant's credibility in asserting such alleged facts will prove central to the case.

Finally, the probative value of admitting Defendant's prior felony convictions for purposes of impeachment remain high relative to any speculative unfair prejudicial effect it might have. This is especially true given the likelihood of sanitizing the nature of the convictions and the likelihood of a limiting instruction concerning any inferences to be drawn from such convictions.

Accordingly, the United States should be permitted to introduce evidence of Defendant's 2005 and 2008 felony convictions if Defendant elects to testify at trial.

**L.     GOVERNMENT'S MOTION FOR FINGERPRINT EXEMPLARS**

To establish that Defendant violated 8 U.S.C. § 1326, the United States must prove Defendant was previously deported from the United States and was subsequently found in the United States without having requested and obtained authorization from the Attorney General. To prove that the defendant currently before this Court and in the custody of the Bureau of Prisons is the same individual who was previously deported from the United States, the United States expects to call a certified fingerprint examiner as an expert witness. The expert would testify at trial regarding comparisons between fingerprints obtained from this Defendant and those on various immigration and other documents.  The United States intends to introduce such testimony during its case-in-chief at trial.

To conclusively establish a match of the aforementioned identities, the United States requests the Court to permit the expert witness to obtain fingerprint exemplars from the Defendant now in custody.  Defendant's fingerprints are not testimonial evidence. <u>See</u> <u>Schmerber v. California</u>, 384 U.S. 757 (1966).  Thus, using identifying physical characteristics, such as fingerprints, does not violate a Defendant's Fifth Amendment right against self-incrimination. <u>United States v. DePalma</u>, 414 F.2d 394, 397 (9th Cir. 1969); <u>Woods v. United States</u> 397 F.2d 156 (9th Cir. 1968).  Therefore, the United States respectfully requests that the Court order Defendant to make himself available for fingerprinting by the Government's fingerprint expert.

**M.     THE COURT SHOULD ALLOW ATTORNEY-CONDUCTED VOIR DIRE**

If the Court so permits, counsel for the United States respectfully requests time to conduct its own limited voir dire of the potential jurors.

1   **N.    UNITED STATES' MOTION FOR RECIPROCAL DISCOVERY**

2          As of the date of the preparation of these motions, Defendant has

3   produced no reciprocal discovery.   The United States requests that

4   Defendant complies with Rule 16(b) of the Federal Rules of Criminal

5   Procedure, as well as Rule 26.2 which requires the production of prior

6   statements of <u>all</u> witnesses, except for those of defendant.  Defendant

7   has not provided the United States with any documents or statements.

8   Accordingly, the United States will object at trial and ask the Court

9   to suppress any evidence at trial which has not been provided to the

10  United States.

                                    **III**

11

                                **CONCLUSION**

12

13         For the reasons set forth above, the United States respectfully

    requests that the Court grant its Motions *In Limine*.

14

           DATED: November 19, 2012.

15

16                                       Respectfully submitted,

17                                       LAURA E. DUFFY
                                         United States Attorney

18                                       *s/ Lara A. Stingley*
                                         LARA A. STINGLEY

19                                       Assistant U.S. Attorney

20

21

22

23

24

25

26

27

28

                                     21

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 11CR5772-AJB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CERTIFICATE OF SERVICE |
| | ) | |
| SERVANDO ORTUNO-GARCIA, | ) | |
| | ) | |
| Defendant. | ) | |

IT IS HEREBY CERTIFIED THAT:

I, **LARA A. STINGLEY**, am a citizen of the United States and am at least eighteen years of age.  My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action.  I have caused service of the **UNITED STATES' MOTIONS *IN LIMINE*** on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

Servando Ortuno-Garcia
Pro Se Defendant

Robert Carriedo, Esq.
Shadow Counsel for Defendant Servando Ortuno-Garcia

I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED on November 19, 2012.


s/ *Lara A. Stingley*
LARA A. STINGLEY


Certificate of Service
United States v. Servando Ortuno-Garcia