LAURA E. DUFFY
United States Attorney
LARA A. STINGLEY
Assistant U.S. Attorney
California State Bar No. 275534
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 546-8403
Lara.Stingley@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No.  11CR5772-AJB |
| | ) | |
| Plaintiff, | ) | Date:      December 10, 2012 |
| | ) | Time:      9:00 a.m. |
| v. | ) | |
| | ) | |
| | ) | **UNITED STATES' TRIAL MEMORANDUM** |
| SERVANDO ORTUNO-GARCIA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Laura E. Duffy, United States Attorney, and Lara A. Stingley, Assistant United States Attorney, and hereby files its Trial Memorandum.

//

//

//

//

//

//

I

**STATEMENT OF THE CASE**

**A.   THE INDICTMENT**

On December 21, 2011, a federal grand jury in the Southern District of California returned an Indictment charging Servando Ortuno-Garcia ("Defendant") with being a Deported Alien Found in the United States, in violation of Title 8, United States Code, Sections 1326 (a) and (b).  The Indictment alleged that Defendant had been removed from the United States subsequent to October 26, 2010. Defendant was arraigned on the Indictment on December 21, 2011 and entered a plea of not guilty.

**B.   TRIAL STATUS**

The trial is scheduled for December 10, 2012.

**C.   DEFENSE COUNSEL**

Defendant is representing himself.  Robert Carriedo, Esq. is stand-by counsel.

**D.   DEFENDANT'S CUSTODY STATUS**

Defendant is in custody.

**E.   INTERPRETER**

The United States will not require the assistance of a Spanish-speaking interpreter for any of its witnesses.

**F.   JURY WAIVER**

Defendant has not filed a jury waiver.

**G.   PRETRIAL MOTIONS**

Defendant filed motions to compel discovery, preserve evidence, and to grant leave for further motions.  The Government responded to these motions.  The Court ruled on the motions and ordered a criminal history report and a supplemental A-File viewing for defendant's review.

1    The United States filed motions *in limine* that included motions:
2  to exclude all witnesses except for the case agent in this case; admit
3  A-File documents and testimony; admit expert testimony; prohibit
4  reference to punishment; preclude arguments regarding duress and
5  necessity; prohibit reference to document destruction; prohibit
6  collateral attack of the deportation; preclude expert testimony by
7  defense; preclude self-serving hearsay; allow evidence of Defendant's
8  previous removals; allow attorney-conducted voir dire; admit rule 609
9  evidence; and compel reciprocal discovery.

10    The Court ruled on these motions on November 30, 2012.

11  **H.**   **STIPULATIONS**

12    The United States does not anticipate any stipulations in this
13  case.

14  **I.**   **DISCOVERY**

15    The United States has fully complied with its discovery
16  obligations.  Defendant has not provided reciprocal discovery as of
17  today's date.

18                                  **II**

19                         **STATEMENT OF FACTS**

20  **A.**   **THE INSTANT OFFENSE**

21    On November 28, 2011, at approximately 5:00 p.m., while working
22  in the El Centro Area of Responsibility, U.S. Border Patrol Agent
23  O'Keefe observed footprints heading north in the agricultural fields
24  just north of the United States-Mexico border.  This area consists of
25  agricultural fields, canals and laterals of water.  Agent O'Keefe
26  called dispatch to confirm that the footprints originated at the
27  United States-Mexico border.  Upon confirmation, Agent O'Keefe
28  followed the footprints north to a lateral full of water, where Agent
O'Keefe observed the footprints continue west along the bank.  Agent

1  O'Keefe followed the footprints west to a group of three individuals
2  who were attempting to conceal themselves in the reeds on the edge of
3  the water, approximately 300 yards north of the United States-Mexico
4  border.

5      Agent O'Keefe approached the three individuals and identified
6  himself as a U.S. Border Patrol agent. Agent O'Keefe then questioned
7  each individual as to their citizenship and each individual, including
8  one later identified as Servando Ortuno-Garcia, stated that they were
9  citizens of Mexico and did not possess documents to lawfully enter or
10 remain in the United States.

11     Defendant and the two other individuals were placed under arrest
12 for illegally entering in the United States.

13     A records check determined that Defendant had previously been
14 removed from the United States to Mexico on June 15, 2009 and again
15 on November 3, 2011. A records check further found that Defendant had
16 suffered multiple convictions for being a Felon in Possession of a
17 Firearm in 2008; a Willful Discharge of a Firearm in a Negligent
18 Manner in 2005; and Carrying a Concealed Weapon on his Person in 1995.

19     On November 29, 2011, at approximately 12:48 a.m., U.S. Border
20 Patrol Agent Linscott advised Defendant that his administrative rights
21 no longer applied and advised Defendant of his Miranda rights.
22 Defendant indicated he understood his rights and declined to speak
23 with agents without the presence of counsel.

24 **B.    DEFENDANT'S IMMIGRATION AND CRIMINAL HISTORY**

25     Defendant is a citizen and national of Mexico without legal
26 permission to enter or remain in the United States. On June 15, 2009,
27 Defendant was removed from the United States to Mexico pursuant to an
28 April 22, 2009 Final Administrative Removal Order. This Order was
   reinstated on October 19, 2011, and Defendant was again physically

removed from the United States to Mexico on November 3, 2011.

Defendant suffered three convictions: (1) a 2008 conviction for being a Felon in Possession of a Firearm, in violation of Title 18 U.S.C. Section 922(g)(1); a 2005 conviction for Willful Discharge of a Firearm in a Negligent Manner, in violation of California Penal Code Section 246.3(a); and a 1995 conviction for Carrying a Concealed Weapon on his Person (a misdemeanor), in violation of California Penal Code Section 12025(a)(2).

**III**

**PERTINENT LAW**

**8 U.S.C. § 1326, DEPORTED ALIEN FOUND IN THE UNITED STATES**

Defendant is charged with being an alien who, after deportation, was found in the United States in violation of Section 1326(a) of Title 8 of the United States Code.  In order for Defendant to be found guilty of that charge, the United States must prove each of the following elements beyond a reasonable doubt:

1.    Defendant was deported from the United States;

2.    After deportation, Defendant voluntarily entered the United States;

3.    When Defendant entered he knew he was entering the United States or after the defendant entered the United States he knew that he was in the United States and knowingly remained;

4.    Defendant was found in the United States without having obtained the consent of the Attorney General or the Secretary of the Department of Homeland Security to reapply for admission into the United States; and

5.    Defendant was an alien at the time of Defendant's entry into the United States.

See 9th Cir. Model Crim. Jury Instructions 9.5B (2007); see also

1  United States v. Salazar-Gonzalez, 458 F.3d 851, 856 (9th Cir. 2006).[1]

2                            **IV**
3                        **WITNESSES**

4       The United States reserves the right to add, omit, substitute or

5  change the order of witnesses.  Presently, the United States intends

6  to call the following witnesses during its case-in-chief:

7              1.   U.S. Border Patrol Agent April Nuno

8              2.   U.S. Border Patrol Agent John O'Keefe

9              3.   Immigration Enforcement Agent Andres Ramos

10             4.   Deportation Officer James McGill

11             5.   David Beers

12      The United States may have rebuttal witnesses prepared to testify

13 to rebut any case put on by Defendant.

14                           **V**

15                      **EXHIBIT LIST**

16      The United States will provide a final exhibit list on the

17 morning of trial.  Presently, the United States intends to offer into

18 evidence the following:

19             1.   Notice of Intent to Issue Final Administrative
                    Removal Order, April 22, 2009

20             2.   Final Administrative Removal Order, April 22, 2009

21             3.   Warnings to Alien Removed or Deported, April 16, 2009

22             4.   Warrant of Removal/Deportation, June 15, 2009

23             5.   Sworn Statement, October 3, 2011

---

[1]   The United States will request a special verdict form indicating that Defendant was removed subsequent to October 26, 2010. See United States v. Jose Covian-Sandoval, 462 F.3d 1090 (9th Cir. 2006).

6.   Notice of Intent/Decision to Reinstate Prior Order, October 19, 2011

7.   Warnings, October 19, 2011

8.   Warrant of Removal/Deportation, November 3, 2011

9.   Defendant's Fingerprint Card, November 28, 2011

10.  Maps and Photographs of Apprehension Area

**VI**

**PROPOSED VOIR DIRE**

1.   Does everyone understand that the defendant is entitled to a fair trial?  Does everyone also understand that the United States is also entitled to a fair trial?

2.   Has anyone had an unpleasant experience with any law enforcement personnel?

3.   Has anyone had any disputes with any agency of the United States Government?

4.   Does anyone have relatives or close friends who have been investigated, arrested, accused or charged with a crime?

5.   Does anyone have relatives or close friends who have been deported or removed?

6.   Has anyone gone through, or helped someone go through, the process of applying for residency or citizenship?

7.   Does anyone believe that the United States Government should not patrol the border it shares with Mexico?

8.   Has anyone been following the news stories about proposed immigration law reform, the activities of minute men, protests surrounding their activities, or

7                          11CR5772-AJB

the proposed guest worker program?

9.   Does anyone have strong feelings about the United States Border Patrol, the Department of Homeland Security, or any other federal agency involved in immigration issues?

10.   Does anyone believe that immigration laws are too harsh?

11.   Is there anyone who believes that everyone should be allowed to enter the United States?

12.   Does anyone believe that it should be legal to enter the United States without authorization?

13.   Does everyone understand that as a juror your duty is to apply the law regardless of whether you disagree with it?

14.   Does everyone understand that the laws of the United States equally apply to everyone who enters the United States?

15.   Does everyone understand that as a juror you are not to consider prejudice, pity or sympathy in deciding whether the Defendant is guilty or not guilty?

16.   Does anyone think that, regardless of the strength of the evidence, he/she will have trouble deciding whether the Defendant is guilty or not guilty?

17.   Does anyone think he/she cannot decide whether a person is guilty or not guilty?

18.   Does anyone have religious or moral beliefs which will

make it difficult for him/her to make a decision strictly based on the law and facts of this case?

19. Is anyone a member of a group, or have an affiliation with a group, that advocates a position on immigration issues?

**VII**

**JURY INSTRUCTIONS**

The United States will submit proposed jury instructions under separate cover.

DATED: December 3, 2012.

Respectfully submitted,

Laura E. Duffy
United States Attorney

s/ *Lara A. Stingley*
LARA A. STINGLEY
Assistant U.S. Attorney

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 11CR5772-AJB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | CERTIFICATE OF SERVICE |
| SERVANDO ORTUNO-GARCIA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

IT IS HEREBY CERTIFIED THAT:

I, LARA A. STINGLEY, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of **UNITED STATES' TRIAL MEMORANDUM** on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

Robert Carriedo, Esq.
Stand-by Counsel for Servando Ortuno-Garcia
Robertcarriedo83@gmail.com

**Via U.S. Postal Service**
Servando Ortuno-Garcia, Pro Se
44695-112
Western Region Detention Facility
220 West C Street
San Diego, California 92101

I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 3, 2012.

s/ Lara A. Stingley
LARA A. STINGLEY